**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

MAY 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CARLOS ANTONIO DIMAS-RIVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-73679

Agency No. A045-091-207

MEMORANDUM[*]

---

CARLOS ANTONIO DIMAS RIVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1935

Agency No. A045-091-207

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| CARLOS ANTONIO DIMAS RIVAS, | No. 22-2101 |
| Petitioner, | Agency No. A045-091-207 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM, Senior District Judge.[**]

Carlos Antonio Dimas Rivas (Dimas), a native and citizen of El Salvador, petitions for review of Board of Immigration Appeals (BIA) decisions (1) denying withholding of removal and protection under the Convention Against Torture (CAT), Case No. 20-73679, (2) denying a motion to reopen withholding-only proceedings, Case No. 22-1935, and (3) denying a motion to reopen Dimas's 2000 removal proceedings, Case No. 22-2101. We have jurisdiction under 8 U.S.C. § 1252. *See also Coria v. Garland*, 96 F.4th 1192, 1199–1200 (9th Cir. 2024) (explaining why the denial of a motion to reopen merges into the final order of

___

[**] The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

removal under *Nasrallah v. Barr*, 590 U.S. 573 (2020)). We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017)). We "review denials of motions to reopen for abuse of discretion and defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citations omitted). We grant the petitions for review and remand for further proceedings.

The BIA denied Dimas's motion to reopen his 2000 removal proceedings on the ground that it lacked jurisdiction under 8 U.S.C. § 1231(a)(5) (barring reopening or review of a prior removal order reinstated under that provision, if a noncitizen reenters the United States after being removed). Shortly before oral argument in this consolidated case, however, our court issued a published decision in *Suate-Orellana v. Garland*, No. 19-72446, 2024 WL 2004951 (9th Cir. May 7, 2024). *Suate-Orellana* held "that § 1231(a)(5) is non-jurisdictional, and that the BIA therefore may . . . exercise jurisdiction over an appeal concerning a motion to reopen a reinstated removal order." *Id.* at *5.

We conclude that remand in Case No. 22-2101 is necessary because the BIA treated § 1231(a)(5) as jurisdictional, which is contrary to *Suate-Orellana*. In addition, the Immigration Judge (IJ) indicated that Dimas's 2000 removal

proceedings could warrant sua sponte reopening but for the purported jurisdictional defect. In these circumstances, remand in light of *Suate-Orellana* is most appropriate. Although the government argues that reopening of the 2000 removal order would not lead to Dimas receiving any meaningful relief because he is still subject to two other removal orders, Dimas maintains that the later removal orders will fall if the 2000 removal order is invalidated. The agency has yet to address this issue, and we thus leave it for the agency to consider on remand. We also do not decide whether the government waived the application of § 1231(a)(5) or whether that provision would otherwise apply to these facts, where the 2000 removal order was not reinstated.

In Case Nos. 20-73679 and 22-1935, Dimas seeks relief from removal relating to his 2005 removal order. As we have noted, Dimas maintains that the validity of the 2005 removal order will turn on the validity of the 2000 removal order, which is an issue the agency has yet to consider and may do so on remand. We, therefore, conclude it is most appropriate to allow the agency to reevaluate Dimas's requests for relief from removal once it has conducted further proceedings on the 2000 removal order, and, as appropriate, his other removal orders.

**PETITIONS GRANTED; REMANDED.**[1]

---

[1] The government's motion for leave to file supplemental briefing is denied. No. 20-73679, Dkt. 61; No. 22-1935, Dkt. 54; No. 22-2101, Dkt. 63.